# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMMY LEE BARR, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:20-cv-01628-AGF |
| EILEEN RAMEY, | ) ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of petitioner Timmy Lee Barr's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. For the reasons discussed below, the petition will be denied and dismissed as successive. *See* 28 U.S.C. § 2244(b).

## Background

Petitioner is a self-represented litigant currently incarcerated in the Jefferson City Correctional Center in Jefferson City, Missouri. On April 16, 1997, a jury convicted petitioner of first-degree murder, four counts of armed criminal action, and three counts of first-degree assault. *State of Missouri v. Barr*, No. 22961-02210-01 (22nd Jud. Cir., City of St. Louis).[1] He was sentenced on May 12, 1997 to life imprisonment without the possibility of parole on the first-degree murder charge, and to life imprisonment on the corresponding armed criminal action charge. Petitioner also received sentences of twenty years' imprisonment on one of the first-degree assault charges; ten years' imprisonment on the remaining two first-degree assault charges; ten

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

years' imprisonment on one of the remaining armed criminal action charges; and five years' imprisonment on the other two armed criminal action charges. These sentences were run concurrent with petitioner's life sentences.

Petitioner filed a notice of appeal on July 21, 1997.  The Missouri Court of Appeals affirmed petitioner's conviction on June 30, 1998.  *State of Missouri v. Barr*, No. ED72610 (Mo. App. 1998).

Petitioner subsequently filed a motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 on November 5, 1998.  *Barr v. State of Missouri*, No. 2298P-03868 (22nd Jud. Cir., City of St. Louis).  The motion was denied on March 11, 1999.

Petitioner filed a notice of appeal on April 12, 1999. The Missouri Court of Appeals affirmed the denial of his Rule 29.15 motion on January 18, 2000.  *Barr v. State of Missouri*, No. ED76026 (Mo. App. 2000).

On October 25, 2000, petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Barr v. Luebbers*, No. 4:00-cv-01706-RWS (E.D. Mo.).  He sought relief on four grounds: that the trial court erred in admitting evidence of uncharged crimes; that the State of Missouri committed prosecutorial misconduct; that his trial counsel was ineffective; and that his postconviction counsel was ineffective.  The pe tition was dismissed on March 12, 2004. On April 19, 2004, petitioner filed a notice of appeal. However, on April 5, 2005, the appeal was dismissed by the United States Court of Appeals for the Eighth Circuit as untimely.  *Barr v. Cayer*, No. 05-1772 (8th Cir. 2005).

Petitioner filed his second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 18, 2018.  *Barr v. Ramey*, 4:18-cv-1004-NCC (E.D. Mo.).  On June 21, 2018, the petition was denied and dismissed as successive.  Petitioner's subsequent motion for reconsideration was

also denied. On October 17, 2018, the United States Court of Appeals for the Eighth Circuit denied petitioner's petition for authorization to file a successive habeas petition. *Barr v. Ramey*, No. 18-2867 (8th Cir. 2018).

On January 2, 2019, approximately thirteen years after the appeal on his first 28 U.S.C. § 2254 petition was dismissed, petitioner filed a motion for relief from judgment. *Barr v. Luebbers*, No. 4:00-cv-01706-RWS (E.D. Mo.). On July 2, 2019, the motion was denied. Petitioner filed an appeal, which was dismissed by the United States Court of Appeals for the Eighth Circuit. *Barr v. Ramey*, No. 19-2608 (8th Cir. 2019).

The instant petition was filed on November 17, 2020. ECF No. 1. It contains four grounds for relief: (1) that the State of Missouri withheld gunshot residue test results; (2) that the State of Missouri failed to disclose an "impeachment and exculpatory report"; (3) that petitioner went to trial in "City Jail Prison clothing"; and (4) that a witness at trial twice testified falsely. ECF No. 1 at 4-8.

## Discussion

Petitioner is a self-represented litigant who brings this petition pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition must be denied and dismissed because it is successive. *See* 28 U.S.C. § 2244(b).

### A. Successive Petition

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under the AEDPA, there is a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

Generally, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).  For claims in a successive application that were not presented in a prior application, however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition").

In this case, as noted above, petitioner filed his first 28 U.S.C. § 2254 petition on October 25, 2000. The petition was denied on the merits on March 12, 2004. Petitioner's appeal was dismissed as untimely.  He filed a second 28 U.S.C. § 2254 petition on June 18, 2018.  This petition was dismissed as successive on June 21, 2018.  Subsequently, the United States Court of Appeals for the Eighth Circuit denied authorization to file a successive habeas application.  Because he has filed two prior petitions, petitioner's instant 28 U.S.C. § 2254 petition is successive.

To the extent that petitioner seeks to relitigate claims he brought in his original 28 U.S.C. § 2254 petition, those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, he must first obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals. Therefore, the petition must be denied and dismissed as successive.

B. **Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner

is not entitled to relief. Here, it plainly appears that petitioner is not entitled to relief because he has previously filed a habeas petition in this Court, making the instant petition successive. Moreover, petitioner has not received authorization from the United States Court of Appeals for the Eighth Circuit, meaning that the Court cannot consider his petition.

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

### D. Motion to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted.

### E. Motion to Appoint Counsel

Petitioner has also filed a motion to appoint counsel. ECF No. 3. The motion will be denied as moot as this petition is being denied and dismissed as successive.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 14th day of December 2020.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE